IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANGELIQUE PRATT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:13-CV-219 (MTT) |
| ) | |
| HOSPITAL AUTHORITY OF PUTNAM ) | |
| COUNTY, GEORGIA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

This matter is before the Court on Plaintiff Angelique Pratt's motion for entry of an order pursuant to O.C.G.A. § 34-8-126. (Doc. 14). The Defendant does not oppose the motion. For the following reasons, the motion is **GRANTED**.

The Plaintiff plans to subpoena documents relating to her application for unemployment benefits from non-party Georgia Department of Labor. (Docs. 14 at 1-2; 14-1 at 2). The Plaintiff contends the GDOL interprets O.C.G.A. § 34-8-126 as controlling whether it may produce these documents based on the GDOL's usual practice of moving to quash subpoenas. *See Cribbs v. NFI Network Logistic Solutions LLC*, 2012 WL 4754965, at *1 (S.D. Ga.); *Ezzard v. Eatonton & Putnam Water & Sewer Auth.*, 2012 WL 3901748, at *1 (M.D. Ga.); *Washburn v. Hoover Chrysler Jeep of Savannah, Inc.*, 2012 WL 2191711, at *1 (S.D. Ga.). In order to avoid unnecessary motion practice, the Plaintiff asks the Court to enter an order making the necessary statutory finding so the GDOL will comply with the subpoena.

Pursuant to § 34-8-126:

> Information or records deemed private and confidential under this chapter shall be available to parties to judicial or formal administrative proceedings *only upon a finding by the presiding officer that the need for the information or records in the proceeding outweighs any reasons for the privacy and confidentiality of the information or records*. Information or records deemed private and confidential under this chapter shall not be available in discovery proceedings unless the court in which the action has been filed has made the finding specified above. *A judicial or administrative subpoena or order directed to the department must contain this finding.* A subpoena for records or information held by the department may be directed to and served upon any employee of the department, but the department may specify by rule or regulation which employee shall produce the records or information in compliance with the subpoena.

O.C.G.A. § 34-8-126 (emphasis added). In *Washburn*, the court found the need for information contained in the plaintiff's unemployment hearing transcript outweighed any reasons for privacy or confidentiality. 2012 WL 2191711, at *1-*2. The court reasoned that, because the plaintiff was bringing an employment discrimination claim, what her employer said in her unemployment benefits hearing about the reason for her discharge would be relevant to evaluating whether its asserted non-discriminatory reason was a pretext. *Id.* at *1-*2. The courts in both *Cribbs* and *Ezzard* made similar findings. *Cribbs*, 2012 WL 4754965, at *1; *Ezzard*, 2012 WL 3901748, at *1-*2. In all three cases, the GDOL's only asserted reason for refusing to produce the records was its concern that producing the records would violate Georgia law.

The Plaintiff contends the Defendant terminated her or forced her to resign based on her taking protected leave pursuant to the Family and Medical Leave Act. Certainly documents relating to the Plaintiff's application for unemployment benefits, which the Defendant opposed, are relevant to the Defendant's reason for terminating the Plaintiff. Accordingly, the Court finds the need for the records sought by the Plaintiff in this

proceeding outweighs any reasons for the privacy and confidentiality of the information or records.

    **SO ORDERED,** this 3rd day of February, 2014.

                              <u>S/ Marc T. Treadwell</u>
                              MARC T. TREADWELL, JUDGE
                              UNITED STATES DISTRICT COURT